Per Cur.
The agreement is evidence; it is improper to give an opinion on the operation of it at present.
It appeared that by this agreement Ketcham bound himself in the penalty of ,£500 to perform the conation or to deliver up the land.
Frelinghuysen contended that the defendant' being in by-title was not compellable to pay the mesne profits. He cited the opinion of the Chief Justice 11 Co. 51. Liford’s case.
The Chief Justice in his charge to the jury, said — That this w,as an action of trespass for the recovery of the mesne *171 profits of certain lands, which the plaintiff recovered some time since in an ejectment, and it is immaterial whether the judgment vas on a verdict or by confession,.- — It appears that during the pendency of this action of ejectment, an agreement was entered into by the parties, by which each undertook to perform certain things, and were to receive certain benefits.
This agreement is offered in evidence to bar the plaintiff’s recovery in the present action. There is no doubt that the defendant has performed certain parts of this agreement, and that some equally material parts, particularly that on condi» tion of which he was to have the land, viz. the payment of the money has not been performed. The question is whether' without this performance the defendant is entitled to the bene» ñi of the agreement, and can bar the plaintiff’s recovery in this action. If he is, this absurdity follows, that he is equally benefited whether he performs what he has undertaken or does not.
This agreement should not have been allowed to go to the jury without being pleaded, upon the present issue it is not evidence, but this objection equally escaped the attention of the counsel and the court at the time it was offered. If this agreement has any operation it is as an accord which the law considers as of no validity without performance; and If a man wishes to have the benefit of an agreement of this nature, it it; reasonable and proper that he should in the first place make it appear that he has executed what he undertook to do.
It ill becomes a man who comes to claim the benefit of a contract, to be unable to say, he has performed the agree» naent himself: to apply for the enforcement of his advem sary, when he himself has been equally negligent. The law should compel every one to perform stipulations into which ha has voluntarily entered, and unless this is done .should not aid him in compelling others.
As to the law upon the subject of the mesne profits I take, it to be clear, that in all cases whatsoever, where a man makes use of the land of another, whether he enters by virtue of a, deed or otherwise, he is compellable to account for it to the true owner, and the only manner in which he can possibly be exonerated from khis demand is by some apt of release by such *172 owner. The agreement in question does not however in any manner operate as a bar to the plaintiff’s action^ nor until the condition is fully complied with by the defendant can such an implication be supported.